UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY D. BARGER,

    Plaintiff,

v.                                              Case No. 05-CV-391

CSX TRANSPORTATION, INC.

    Defendant.

## ORDER

This matter is before the Court upon plaintiff Larry D. Barger's motion for partial summary judgment (doc. 17), defendant's response (doc. 18), and plaintiff's reply (doc. 20-1). The parties have submitted proposed findings of fact and conclusions of law, which the opposing side has highlighted as true, false, or irrelevant.

### I. Introduction

Plaintiff filed suit under the Federal Employer's Liability Act, 45 U.S.C. §51 et seq. ("FELA"), and in the alternative under the Federal Safety Appliance Act, 49 U.S.C. §20301 et seq. ("FSAA"), and the Code of Federal Regulations, 49 C.F.R. §231.2. Plaintiff is seeking damages for injuries he allegedly sustained on August 2, 2003, while attempting to operate a handbrake on one of defendant's railcars.

### II. Findings of fact

The parties have agreed to the following facts: On August 2, 2003, plaintiff Larry Barger was assigned by his employer, defendant CSX Transportation, Inc. ("CSX"), to work as a

1

conductor on train number Q339-02.  On that date, train number Q339-02 transported railcars, including a railcar identified as CSXT 295049, from Willard, Ohio to Cincinnati, Ohio along CSX's rail lines.  On August 2, 2003, an inspection by CSX's Mechanical Department revealed that railcar CSXT 295049 was equipped with an inoperative and defective handbrake.

It is uncontroverted that immediately after attempting to operate the defective handbrake on railcar CSXT 295049 on August 2, 2003, plaintiff experienced pain in his lower back and right leg and was transported by an agent of the defendant from the work site to the emergency room of Ft. Hamilton Hospital, where he was treated, prescribed pain medication, and released. Following his release, plaintiff continued to experience pain and sought further treatment from several physicians and physical therapists.

### III.  Motion for partial summary judgment

Plaintiff Larry D. Barger moves for partial summary judgment on the issue of defendant's liability.  Plaintiff claims in the alternative that defendant violated the FSAA, 49 U.S.C.A., Part A, Chapter 203- Safety Appliances, § 20301, et seq., by allowing a railcar equipped with a defective handbrake to be used on its line.  According to plaintiff, such violation establishes the defendant's negligence under the Federal Employer's Liability Act as a matter of law. Defendant admits that it violated the FSAA for the reason stated above and that it is absolutely liable for all injuries that were caused in whole or in part by its violation of the FSAA. Defendant consents to summary judgment on the issue of its violation of the FSAA.

Plaintiff claims that, the FSAA violation having been established, the defendant's liability to plaintiff for his injuries is proven as a matter of law and the only remaining question for trial is the amount of damages.  Defendant contends that genuine issues of material fact

remain as to the cause of plaintiff's lumbar injuries. According to defendant, plaintiff's injuries may have been caused by chronic preexisting conditions, rather than his encounter with the defective handbrake. Defendant claims that plaintiff's severe right knee problems and AV necrosis in both hips caused him to put additional strain on his other muscles, which could have led to his current lumbar problems. The defendant further claims that plaintiff's intensive rehabilitation regimen following core decompression surgery on both hips could have also contributed to his current injuries.

Plaintiff claims that the extent to which his injuries may or may not have been caused by any preexisting conditions is immaterial for purposes of determining liability, so long as any portion of the injury can be attributed to the incident involving the defective handbrake. According to the plaintiff, any apportioning of the injury between the defendant's negligence and the plaintiff's preexisting conditions should be decided during a trial on damages alone, after summary judgment has been entered against the defendant as to liability.

### IV. Summary judgment standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. **Celotex Corp. v. Catrett**, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but...must set forth specific facts showing that there is a genuine issue for trial." **Anderson v. Liberty Lobby**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986) (quoting **First Nat'l Bank of Arizona v. Cities Serv. Co.**, 391 U.S. 253, 88

S.Ct. 1575 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1608-09 (1970)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* (citing *Cities Serv.*, 391 U.S. at 288-289, 88 S.Ct. at 1592). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84, 87 S.Ct. 1425 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, 88 S.Ct. at 1592, judgment may be granted. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

### V. Applicable law

The relevant portion of the FSAA provides that a railroad carrier may only allow a vehicle to be used on its lines if it is equipped with, among other things, "efficient handbrakes." 49 U.S.C. § 20302(a). The parties have stipulated that this portion of the Act was violated because the railcar in question was equipped with a defective handbrake.

The FSAA did not create a federal cause of action for railroad employees injured as a result of their employer's non-compliance with the Act. Rather, employees must proceed under the FELA. *Crane v. Cedar Rapids & Iowa City Railway*, 395 U.S. 164, 166, 89 S.Ct. 1706, 1708 (1969). In a FELA action based on the railroad carrier's violation of the FSAA, "the injured employee is required to prove only the statutory violation and thus is relieved of the burden of proving negligence" on the part of the employer. *Id.* (citations omitted). **See also**, *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 288 (4th Cir. 1999) ("FSAA violation is *per se*

4

negligence in a FELA suit. In other words, the injured employee has to show only that the railroad violated the FSAA, and the railroad is strictly liable for any injury resulting from the violation."). As such, the plaintiff employee "is not required to prove common-law proximate causation but only that his injury resulted 'in whole or in part' from the railroad's violation of the Act." *Crane*, 395 U.S. at 166, 89 S.Ct. at 1708 (citing 45 U.S.C. § 51; *Rogers v. MO Pac. R. Co.*, 352 U.S. 500, 77 S.Ct. 443 (1957)).

A "relaxed standard of causation" applies under FELA. *Wilhelm v. CSX Transp., Inc.*, 65 Fed.Appx. 973, 976 (6th Cir. 2003)(not published in Federal Reporter). The employee is entitled to recover if "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Id.* (citing *Rogers*, 352 U.S. at 500, 77 S.Ct. at 443). Under the FELA, employer negligence need not be the sole cause of injury to the employee. Rather, the plaintiff can satisfy the relaxed standard of causation by putting forth credible evidence that the railroad's negligence has aggravated a preexisting condition. *Stevens v. Bangor & Aroostook R. Co.*, 97 F.3d 594, 602 (1st Cir. 1996).

## VI. Opinion

Upon a careful review of the record, the Court finds that there are no genuine issues of material fact as to liability and that the plaintiff is entitled to summary judgment on that element of his claim. Even assuming the existence of the several preexisting conditions the defendant alleges, which may be material to the remaining issues in the case, it is uncontroverted that the incident involving the faulty handbrake caused injury to plaintiff. Plaintiff was clearly able to perform the physical requirements of his job prior to attempting to operate the defective

handbrake.  After he encountered the defective handbrake, plaintiff immediately felt pain, radioed for help, complained of injury, and was taken to the emergency room of the hospital for treatment.  (Barger depo., pp. 45-58).  His pain continued thereafter and he sought treatment from several physicians and physical therapists.  (*Id*., pp. 67-69).  He was released to return to work by his physician in or about November 2005.  (*Id*., pp. 71-72).  The remaining issue is the exact extent of plaintiff's damages resulting in whole or in part from his injury suffered on August 2, 2003, which is a question to be determined by the finder of fact at the trial on damages.

## VII.  Conclusion

In accordance with the foregoing, plaintiff's partial motion for summary judgment is **GRANTED** as to liability under the FELA.  This case will proceed to trial on the issue of damages in accordance with the schedule established by the Court.

**IT IS SO ORDERED.**

                                    S/ Herman J. Weber
                                         HERMAN J. WEBER
                  SENIOR JUDGE, UNITED STATES DISTRICT COURT